Judge Mills
delivered the opinion of the court.
Hannegan and Hudson issued their writ of error, coram nobis, in the court below, to quash a delivery bond in which Hannegan was principal and Hudson security, and assigned for error:
First, that in one and the same bond, for the forthcoming of property taken by the execution, there are two separate and distinct debts under separate judgments and executions embraced therein and consolidated.
Secondly, That upon two executions, one forthcoming bond was taken by the officer, to operate in both cases.
Thirdly, That the penalty of the bond has been altered since its execution, to read $566 66 cents, instead of $280 16 cents, the original amount.
Fourthly, That the bond has never been forfeited, as the day fixed for the delivery of the property was not legally advertised.
Fifthly, That the clerk had, upon one bond, as above stated, issued two distinct and several executions.
On the trial, the plaintiff in the writ of error, gave no evidence except that apparent on the face of the record; of course the case must have been tried on the errors at law, only.
The third error amounting to a non est factum, ought to have been verified by oath, and there was no evidence before the court to support it, nor is there any before this, except the certificate of the clerk, who states, that the figures or letters appear to be changed in the penalty of the bond in different ink. But this certificate, he had no right to make, and it was improper for him to put what his senses discovered in the papers, in the form of a certificate in offi *320 cial shape, and thus to attempt to operate on the parties in that court or this.
A sheriff returning a forth coming bond as forfeited, it will be taken as true till the contrary appears.
It is not irregular to unite two executions between the same parties in one forth coming bond, provided the sheriff distinctly states the amount of each, and on forfeiture of the bond, the clerk should issue distinct executions.
The fourth error is one of the same nature. The sheriff having returned the bond duly forfeited, or not complied with on the day of sale, the fact must stand as correctly done until the contrary appears. These two errors must have been disregarded by the court below and in like manner will be disregarded by this court.
In deciding, however, on the errors at law, in the court below, the delivery bond and execution thereon, were quashed with costs, from which decision, Trotter’s executors have prosecuted this appeal.
It does appear, by an inspection of the record, that Trotter’s executors had obtained two judgments against Hannegan, on each of which an execution was placed in the hands of the sheriff, of equal date, and both were levied on the same goods and chattels at the same time, and that Hannegan gave a delivery or forthcoming bond, with Hudson as security, conditioned to produce the property executed, on the day of sale. This bond recites, in the condition, each execution separately, and shows the amount of each distinctly, and is one entire bond including each case and is in other repects, in legal form. The questions of law which present themselves on this state of the case are:—Is such a bond including the two executions warranted by law. And if it is, was the clerk, on its forfeiture warranted in issuing two executions, one for each debt on the bond, as he has done, or ought he to have issued but one for the whole bond?
Delivery bonds are allowed for the case and convenince of both debtor and sheriff, and they not only allow the debtor to retain till the day of sale, but save the expense of keeping the estate. They are taken by a ministerial officer, and are never submitted to judicial inspection, if they are not forfeited. If they are complied with, they are never returned to the office of the clerk, and are then functus officio. Slight objections, or such as do not shew that the debtor sustained a real injury by them, or that they contain something devoid of, or against the express requisites of law, ought not therefore to be permitted to prevail against him. It is evident that the debtor in this case, could not retain his property, unless he gave security in both cases.—He was bound for no more than he would have been by two bonds, nor is he liable to any other person than he was *321 liable before. The bare circumstance then of the two demands, being each written and stated in detail on one piece of paper, ought not, in the opinion of the court, to vitiate the proceedings. But the court would not be understood to extend the doctrine further than cases where there is such a perfect identity of parties, and similarity of demands and dates as there is in the present, as well as identity of of estate on which each was levied; and when the sheriff has kept them entirely distinct, except so far as he has put them under one penalty in one writing. The court cannot discover any inconvenience which resulted to the defendant or his surety, or any injury which could result from the act. He might discharge one demand and contest the other; and each separately might he subject to injunction or writ of error and a relief might be extended as to the one without extending it to, or blending it with the other. The court therfore although such a proceeding is singular and unusual cannot concur with the court below in annulling the bond. As to the question whether two executions could issue on the bond, the law directs the clerk to issue executions on delivery bonds for the amount of debt, interest and costs, which may be due. It is on the principle that the sheriff has kept these separate and has not blended them further than under one penalty and one piece of paper that the court has been induced to sustain the bond. It will necessarily follow that the two demands ought to be kept separate and separate executions ought to be had for each, till the whole was collected. Of course this court cannot sustain that exception as well founded.
'Tis irregular in a writ of error to blend errors in fact and errors in law; but that alone will not vitiate if pl't'ff waives errors in fact and relies on errors in law.
Pope and Hardin for plaintiffs, Bibb for defendant.
The court has forborne deciding on the effect of the plaintiff’s below, now appellees in this court, uniting errors in fact and also in law, both in one writ of error. This is forbidden by settled principles; but whether for that cause alone, judgment ought to be given for the defendant in the writ, the court need not in this case determine, as the plaintiffs in the writ of error have waived relying on the errors in fact, and have risqued their case on the errors of law alone, which are adjudged insufficient to sustain the writ. The judgment, therefore, must be reversed with costs and the cause remanded, with a mandate to the court below,there to enter judgment, dismissing the writ of error with costs, and ten per centum damages on the amount superseded according to law.